UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LONNIE TOLLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17CV609-PPS |
| vs. | ) |
| | ) |
| ELKHART COUNTY SHERIFF | ) |
| DEPT., *et. al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Lonnie Tolliver, a *pro se* prisoner, filed a complaint alleging that unidentified staff at the Elkhart County Correctional Complex mistreated him when he suffered a seizure. ECF 1. Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleadings standards, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Instead, the plaintiff must provide sufficient factual matter to state a claim that is plausible on its face. *Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011).

Tolliver claims that on July 9, 2016, he went into a seizure while he was housed at the Elkhart County Correctional Complex. His cellmate notified staff that "something was

wrong" with Tolliver. In response, unidentified staff locked him in a restraint chair and placed a spit mask on his face. However, staff members soon realized that he needed medical attention. Tolliver alleges, "[b]y the time E.C.C.C. staff realized what was happening it had got so far out of hand 911 had to dispatch an[] ambulance to the Elkhart County Correctional Complex to transport me to the Elkhart County General Hospital." ECF 1 at 3, 4. After he returned from the hospital, Tolliver filed a grievance, which Captain Perry and Lieutenant Edwards denied. Tolliver sues the Elkhart County Sheriff Department, Sheriff Brad Rogers, Captain Perry, Lieutenant Edwards and the jail's medical provider, Correctional Care Service for money damages.

Tolliver complains that he was mistreated by unidentified jail staff when he suffered a seizure. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a

defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Here, Tolliver has not adequately alleged a constitutional claim because he has failed to allege facts showing deliberate indifference. At best, he alleges a claim of negligence. His allegations establish that Elkhart County Correctional staff initially placed him in a restraint chair until "they realized what was happening." ECF 1 at 3, 4. Once they realized he needed medical attention, they promptly called for medical attention. *Id.* Although Tolliver complains that staff acted negligently, this is insufficient to demonstrate deliberate indifference. Based on the complaint, Tolliver has fallen short of alleging the type of conduct that would rise to the level of a constitutional violation.

Further, even if Tolliver would have alleged that he suffered a constitutional violation, which he has not, he has also not named any responsible defendant. He does not identify which Elkhart County Correctional staff members placed him in a restraint chair while he was suffering a seizure. Instead, he names five other defendants. He sues Correctional Care Service, but he has not alleged that its employees denied him medical treatment based on a corporate policy or practice. *See Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014). He sues the Elkhart County Sheriff's Department, but the Sheriff's Department cannot be held liable simply because it employed the officers involved in this incident. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). He sues Sheriff Rogers, but he is merely alleged to be a supervisor and there is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). And, he sues

Captain Perry and Lieutenant Edwards for denying his grievances, but the fact that a grievance official denies a prisoner's grievance does not state a constitutional claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *See also George*, 507 F.3d. at 609 ("Only persons who cause or participate in . . . [Constitutional] . . . violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation") (citations omitted). Therefore the complaint does not state a claim against these five defendants.

Though the current complaint fails to state a claim, Tolliver may file an amended complaint if he believes that he can plausibly do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he decides to file an amended complaint, he should get a blank copy of this court's complaint form from the law library and write the cause number for this case in the caption on the first page. In the amended complaint, Tolliver should be sure to address the deficiencies noted in this order. He should name the individuals responsible for his harm and explain in his own words what happened, when it happened, and where it happened, providing as much detail as possible.

ACCORDINGLY:

Plaintiff Lonnie Tolliver is **GRANTED** until October 30, 2017, to file an amended complaint. Tolliver is **CAUTIONED** that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because it fails to state a claim for which relief can be granted.

ENTERED: October 4, 2017                    /s/ Philip P. Simon
                                            Judge
                                            United States District Court