UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| LONNIE TOLLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:17CV609-PPS |
| vs. | ) | |
| | ) | |
| SGT. COOLEY AND | ) | |
| OFFICER ESIENHOWER, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Lonnie Tolliver, a *pro se* prisoner, has filed an amended complaint against two officers at the Elkhart County Correctional Complex for assaulting him instead of providing necessary medical care when he suffered a seizure. ECF 1. Pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleading standards, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Instead, the plaintiff must provide sufficient factual matter to state a claim that is plausible on its face. *Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011).

Tolliver claims that on July 9, 2016, he suffered a seizure while housed at the Elkhart County Correctional Complex. He asked his cell mate to notify staff that he was having a seizure and to call for medical assistance. When Officer Esienhower and Sgt. Cooler arrived, Tolliver was on the floor convulsing and unable to breathe. Instead of providing medical assistance or calling medical providers, the officers became physically aggressive towards Tolliver. They wrestled him out of the cell and Sgt. Cooley slammed him onto the concrete floor several times. Officer Esienhower then forced Tolliver into a restraint chair and covered his face with a spit mask. It was not until after Tolliver was strapped into the restraint chair that an ambulance was called and he was taken to Elkhart General Hospital where he was informed that he had just suffered a massive seizure. Tolliver sues Sgt. Cooley and Officer Esienhower for money damages.

In terms of legal claims, first Tolliver alleges that Sgt. Cooley and Officer Esienhower used excessive force against him while he was suffering a seizure. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Tolliver claims that the two defendants knew he was in need of medical attention but were nevertheless physically

violent towards him to maliciously cause him harm. Though further fact finding may reveal otherwise, Tolliver has adequately pled his excessive force claim.

Next, Tolliver complains that the defendants knew he was suffering a seizure and in need of immediate medical treatment, but nevertheless refused to provide it. Tolliver alleges that the delayed medical assistance caused him harm. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Giving him the inferences to which he is entitled at this stage of the case, Tolliver's factual allegations state a constitutional claim for deliberate indifference to serious medical needs.

ACCORDINGLY:

(1) Plaintiff Lonnie Tolliver is **GRANTED** leave to proceed against Sgt. Cooley and Officer Esienhower in their individual capacities for monetary damages for using excessive force against him on July 9, 2016;

(2) Tolliver is **GRANTED** leave to proceed against Sgt. Cooley and Officer Esienhower in their individual capacities for monetary damages for denying him necessary medical care on July 9, 2016;

(3) all other claims are **DISMISSED**;

(4) the clerk and the United States Marshals Service are **DIRECTED** to issue and serve process at the Elkhart County Corrections Center on Sgt. Cooley and Officer Esienhower with a copy of this order and the amended (ECF 9) complaint as required by 28 U.S.C. § 1915(d); and

(5) Sgt. Cooley and Officer Esienhower are **ORDERED** to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

ENTERED: December 6, 2017

/s/ Philip P. Simon
Judge
United States District Court